IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | 2:08-CR-044-D(1) |
| | § | |
| VS. | § | |
| | § | |
| TYRONE LUVOID HUTCHERSON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Tyrone Luvoid Hutcherson ("Hutcherson") seeks relief from his judgment of conviction pursuant to Fed. R. Civ. P. 60(b). He asks the court to remove the career offender enhancement applied in determining his sentencing guideline range and resentence him under the modified range. Such modification, he avers, would render him eligible for release. The court concludes that Hutcherson's motion should be construed as a successive motion to vacate and transferred to the United States Court of Appeals for the Fifth Circuit to determine whether he should be permitted to file a successive motion. Accordingly, the court transfers Hutcherson's February 19, 2025 motion to the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 1631 as an unauthorized successive motion to vacate.

Hutcherson is not entitled to relief under Rule 60(b) because the Federal Rules of Civil Procedure do not apply to criminal proceedings. *See United States v. Bouldin*, 466 Fed. Appx. 327, 328 (5th Cir. 2012) (per curiam) ("To the extent [the defendant's] motion also invoked Rule 60(b), the district court ruled correctly that the Federal Rules of Civil Procedure do not apply to criminal

cases." (citing *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999)).  It appears, however, based on the relief requested by Hutcherson that the motion should be construed as a successive motion to vacate.

Hutcherson was sentenced on January 11, 2010.  He filed a direct appeal, challenging the imposition of the career offender enhancement, among other issues.  After the court of appeals affirmed his conviction and sentence, he filed a motion to vacate, which was denied on October 3, 2013.  On May 15, 2019 he filed a motion to correct his sentence, which the court construed as a successive motion to vacate and transferred to the United States Court of Appeals for the Fifth Circuit to determine whether to grant leave to file a successive motion.  The court of appeals dismissed the motion on August 14, 2019 for failure to comply with its briefing order.  *See* Case No. 19-10620, *Hutcherson v. United States*, formerly pending in the United States Court of Appeals for the Fifth Circuit.

A federal prisoner is barred from filing a second or successive motion to vacate, set aside, or correct sentence unless the court of appeals first has certified that the motion either (1) contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) is premised on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h); Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Before presenting a second or successive motion [to vacate, set aside or correct sentence], the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion[.]").  Hutcherson's pending motion is successive, and he has failed to show that he obtained the required order from the court of appeals

- 2 -

authorizing this court to consider it.  As a result, the court has no authority to consider the motion. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Accordingly, the court transfers this action to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631 as an unauthorized successive motion to vacate.  *See United States v. Fulton*, 780 F.3d 683 (5th Cir. 2015) (an order transferring a successive application to the court of appeals is not a final order requiring a certificate of appealability).

\* \* \*

The clerk of court is directed to transfer Hutcherson's February 19, 2025 motion to the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 1631 as an unauthorized successive motion to vacate.

**SO ORDERED**.

February 21, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 3 -